FILED
JUL 28 2022
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM LEFT HAND,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 1:22-CV-01011-CBK<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner pleaded guilty to abusive sexual contact in 1:14-cr-10001 and was sentenced on December 12, 2016, to 24 months custody followed by five years supervised release. He was released to supervision on June 15, 2018. His supervised release was revoked on June 28, 2021, and he was sentenced to nine months custody followed by 36 months supervised release. Petitioner appealed his revocation judgment and the United States Court of Appeals for the Eighth Circuit affirmed in a *per curium* opinion. United States v. Left Hand, 8th Cir. No. 21-25017, 2002 WL 14694 (May 10, 2022). Following the issuance of the Eighth Circuit's affirmance, a second petition to revoke petitioner's supervised release was filed. Petitioner thereafter filed a petition for rehearing and, while that petition was pending, he filed a motion to vacate, set aside, or correct his revocation judgment pursuant to 28 U.S.C. 2255. The Eighth Circuit denied the petition for rehearing and the mandate issued July 25, 2022. Petitioner's hearing on the second revocation is scheduled for August 22, 2022.

Petitioner challenges both his original conviction as well as the revocation of supervised release. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## BACKGROUND

Petitioner was charged with sexual abuse of a person incapable of consent in violation of 18 U.S.C. § 2242(2). He faced a statutory maximum penalty of life imprisonment. He pleaded guilty to a superseding information charging abusive sexual contact in violation of 18 U.S.C. § 2244(b), reducing his maximum penalty to 24 months imprisonment. He was sentenced to 24 months custody.

He was released to supervision and, a little over two years later, a petition to revoke supervised release was filed alleging six violations of the conditions of supervised release beginning in May 2019. During the five months the revocation warrant was pending prior to petitioner's arrest, the revocation petition was amended three times. He was alleged to have used and possessed methamphetamine, committed child abuse, DUI, overtaking a vehicle without safety, hindering a law enforcement officer, fleeing law enforcement, reckless driving, resisting arrest, and criminal contempt.

Petitioner had requested and was granted appointed counsel to assist in the revocation proceedings. He requested his first attorney withdraw and, after the appointment of substitute counsel, petitioner moved to proceed *pro se*. Following a hearing and the Faretta[1] advisements, a federal magistrate conducted a contested evidentiary hearing on the third amended petition to revoke supervised release. The magistrate recommended that the district court find petitioner violated seven of the eight allegations and dismiss the allegation charging child abuse. Petitioner appeared *pro so* at the revocation hearing. I took judicial notice of the transcript of the evidentiary hearing, adopted the report and recommendation of the magistrate, revoked petitioner's supervised release, and sentenced him to 24 months custody.

---

[1] A criminal defendant has a Sixth Amendment right to represent himself. Faretta v. California, 422 U.S. 806, 818, 95 S. Ct. 2525, 2532, 45 L. Ed. 2d 562 (1975). "It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts." Id. at 422 U.S at 834, 95 S. Ct. at 2540. Although defendant's choice to conduct his own defense may ultimately be to his detriment, his choice must be honored. Id., 95 S.Ct. at 2541. Faretta requires a hearing in which the defendant is warned of the dangers and disadvantages of self-representation to ensure the defendant is knowingly and intelligently waiving the right to counsel. Faretta v. California, 422 U.S. at 835, 95 S.Ct. at 2541.

Petitioner appealed his revocation judgement and sentence on the basis that his right to Due Process was violated when I relied on the transcript rather than live witness testimony to make findings that petitioner violated the conditions of his supervised release. The Eighth Circuit reviewed for plain error (because petitioner, appearing *pro se* at the revocation hearing, did not object) and held that it was not error to rely upon the transcript. In any event, the Eighth Circuit held that reliance on the transcript had little or no effect on the outcome of the revocation proceeding because there was other evidence supporting the finding that he had violated one or more conditions of supervised release.

## DECISION

Relief under 28 U.S.C. § 2255 is limited to prisoners in custody for a federal conviction who claim "[t]he right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255 "provides a remedy for jurisdictional and constitutional errors" or for an error of law that constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).

**I. Revocation.**

Petitioner contends that he is entitled to relief based upon this Court's reliance on a transcript to establish that petitioner violated the conditions of supervised release. That matter was raised on direct appeal and resolved by the Court of Appeals. Section 2255 cannot be used to collaterally attack an issue resolved on direct appeal. English v. United States, 998 F.2d 609, 612 (8th Cir. 1993). *Accord*, Davis v. United States, 673 F.3d 849, 852 (8th Cir. 2012). Petitioner cannot relitigate his claim in this § 2255 proceeding.

**II. Underlying Conviction.**

Petitioner also attacks his underlying conviction for abusive sexual contact. Petitioner waived as part of his plea agreement his right to appeal all issues except jurisdictional issues or the Court's imposition of an upward departure or variance. The Court did not impose an upward departure or variance. Petitioner did not file a direct

appeal. The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). United States v. Pierre, 912 F.3d 1137, 1143 (8th Cir. 2019).

Failure to raise an issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Jennings v. United States, 696 F.3d 759, 762-63 (8th Cir. 2012). This rule applies equally to a criminal defendant who waives his right to appeal pursuant to a plea agreement and therefore is barred from a direct appeal. Reid v. United States, 976 F.2d 446, 448 (8th Cir.1992).

In any event, petitioner cannot now challenge his 2016 conviction and sentence. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Any motion to vacate pursuant to 28 U.S.C. § 2255 is untimely unless petitioner can set forth a basis for tolling the one-year limitations period.

Petitioner's conviction became final five ½ years prior to the time his motion to vacate was filed. He has identified no basis for equitable tolling. He cannot now challenge his 2016 conviction and sentence.

### III. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). Accord, Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir. 2012).

No evidentiary hearing is necessary in this matter because it plainly appears from a review of the record that the petitioner is not entitled to relief.

### IV. Documents.

Petitioner filed a letter motion for copies of records from his previous revocation proceedings. Petitioner's motion to vacate has no merit. He cannot conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. If defendant wishes to obtain a copy of any documents in the Clerk's file, he must prepay the costs of such copies.

Petitioner also requests the Clerk of Courts provide him with the forms to file federal claims for the theft of motor vehicles, an accountability of his father's wrongful death insurance payment, the 2016 tax return of another individual, cash from a corporation, and stolen mail. He also seeks information "on who, how, where to contact any officers higher up or superintendent, so I can speak with them and identify them intermediately (sic)." Neither the Clerk of Court nor this Court can provide legal or other advice to petitioner. The Clerk can provide the forms for petitioner to pursue relief under 42 U.S.C. § 1983, seeking redress for violation of constitutional rights by a person acting under color of law.

## ORDER

Summary dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

**IT IS ORDERED:**

1. Petitioner's motion, Doc. 1, to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 is denied.

2. Petitioner's motion, Doc. 4, for documents is denied. The Clerk of Court is directed to send a packet to petitioner containing the forms for initiating a federal civil rights action.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner filed a motion to vacate, set aside, or correct his revocation conviction and sentence as well as his underling conviction and sentence. Following initial review, the motion was denied on the merits.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal from an order denying a motion to vacate may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 28th day of July, 2022.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge